

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | | |
|---|---|---|---|
| DERRICK EARL MILLER, | § | | |
| Movant, | § | | |
| | § | | |
| vs. | § | CRIMINAL NO. | 6:04-00022-HFF |
| | § | CIVIL NO. | 6:07-70068-HFF |
| UNITED STATES OF AMERICA, | § | | |
| Respondent. | § | | |

### ORDER

**I.     INTRODUCTION**

This is a 28 U.S.C. § 2255 action. Movant is proceeding pro se.

The Court is required to construe pro se complaints and petitions liberally. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint or petition, the plaintiff or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in this federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Pending before the Court are Movant's § 2255 motion and Respondent's motion for summary judgment. Movant failed to file a response to Respondent's motion for summary judgment, even after having been given generous extensions of time in which to do so. Having carefully considered the motions, the response, the record, and the applicable law, the Court is of the opinion that Respondent's motion for summary judgment be granted and Movant's § 2255 motion be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

**August 11, 2004** --A Grand Jury for the District of South Carolina filed a second superceding six count Indictment with the United States Clerk of Court. The Indictment charges the following:

### COUNT 1
THE GRAND JURY CHARGES:

That on or about December 23, 2003, in the District of South Carolina, the Defendants, **[Movant], HENRY EARL MILLER, a/k/a "Stef", a/k/a "Stefan"**, and another individual known to the Grand Jury, by force, violence, and intimidation, did take from the person and presence of employees of the Capitol Bank, 2520 Wade Hampton Boulevard, Greenville, South Carolina, money belonging to and in the care, custody, control, management and possession of said financial institution, the funds of which were then insured by the Federal Deposit Insurance Corporation, and in committing said violation, did assault and put in jeopardy the lives of other persons by the use of a dangerous weapon and device, that is firearms, and did aid and abet each other in the commission of the aforesaid offense;

In violation of Title 18, United States Code, Sections 2113(a), 2113(d), and 2.

### COUNT 2
THE GRAND JURY FURTHER CHARGES:

That on or about December 23, 2003, in the District of South Carolina, the Defendants, **[Movant] and HENRY EARL MILLER, a/k/a "Stef", a/k/a "Stefan"**, knowingly used and carried firearms during and in relation to, and possessed the firearms in furtherance of

2

a crime of violence which is prosecutable in a court of the United States, and did aid and abet each other in the commission of the aforesaid offense;

In violation of Title 18, United States Code, Section 924(c)(l)(A), and 2.

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about August 5, 2003, in the District of South Carolina, the Defendants, **[Movant]** and **HENRY EARL MILLER, a/k/a "Stef", a/k/a "Stefan"**, by force, violence, and intimidation, did take from the person and presence of employees of the National Bank of South Carolina, 1540 John B. White Boulevard, Spartanburg, South Carolina, money belonging to and in the care, custody, control, management and possession of said financial institution, the funds of which were then insured by the Federal Deposit Insurance Corporation, and in committing said violation, did assault and put in jeopardy the lives of other persons by the use of a dangerous weapon and device, that is a firearm, and did aid and abet each other in the commission of the aforesaid offense;

In violation of Title 18, United States Code, Sections 2113(a), 2113(d), and 2.

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

That on or about August *S,* 2003, in the District of South Carolina, the Defendants, **[Movant]** and **HENRY EARL MILLER, a/k/a "Stef", a/k/a "Stefan",** knowingly used and carried a firearm during and in relation to, and possessed the firearm in furtherance of a crime of violence which is prosecutable in a court of the United States, and did aid and abet each other in the commission of the aforesaid offense;

In violation of Title 18, United States Code, Section 924(c)(l)(A), and 2.

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

That on or about October 31, 2003, in the District of South Carolina, the Defendants, **[Movant], ALLEN EARL JONES, a/k/a "Dink",** and **MICHAEL LEWIS HAWKINS,** and another individual known to the Grand Jury, by force, violence, and intimidation, did take from the person and presence of employees of The Commercial Bank, 8016 Augusta Road, Piedmont, South Carolina, money belonging to and in the care, custody, control, management and possession of said financial institution, the funds of

which were then insured by the Federal Deposit Insurance Corporation, and in committing said violation, did assault and put in jeopardy the lives of other persons by the use of a dangerous weapon and device, that is a firearm, and did aid and abet each other in the commission of the aforesaid offense;

In violation of Title 18, United States Code, Sections 2ll3(a), 2ll3(d), and 2.

### COUNT 6

THE GRAND JURY FURTHER CHARGES:

That on or about October 31, 2003, in the District of South Carolina, the Defendants, **[Movant], ALLEN EARL JONES, a/k/a "Dink",** and **MICHAEL LEWIS HAWKINS,** and another individual known to the Grand Jury, knowingly used and carried a firearm during and in relation to, and possessed the firearm in furtherance of a crime of violence which is prosecutable in a court of the United States, and did aid and abet each other in the commission of the aforesaid offense;

In violation of Title 18, United States Code, Section 924(c)(1)(A), and 2.

### NOTICE OF SPECIAL FINDINGS

THE GRAND JURY FURTHER FINDS:
(I)    As to Count I, charging armed bank robbery, a violation of Title 18, United States Code, Section 2113(d):
    (A)    that a firearm was brandished or possessed. {USSG § 2B3.1 (b)(2)(C)};
    (B)    that the loss to the financial institution exceeded $50,000.00. {USSG § 2B3.1(b)(7)(C)};
(2)    As to Count 3, charging armed bank robbery, a violation of Title 18, United States Code, Section 2113(d):
    (A)    that a firearm was brandished or possessed. {USSG § 2B3.1(b)(2)(C)};
    (B)    that the loss to the financial institution exceeded $10,000.00. {USSG § 2B3.1(b)(7)(B)}; and
(3)    As to Count 5, charging armed bank robbery, a violation of Title 18, United States Code, Section 2113(d):
    (A) that a firearm was brandished or possessed. {USSG § 2B3.1(b)(2)(C)}.

(Indictment 1-5.)

**January 28, 2005** -- The Court held a pretrial conference in this action at which time Movant made a pro se motion in open court to hire a new attorney. The Court granted the motion.

**March 21, 2005** -- After Movant's trial on the above-referenced charges had commenced on this date, Movant decided to, and did in fact, plead guilty to the charges pending against him.

**June 24, 2005** --The Court sentenced Movant to be incarcerated for a total term of 754 months. This term consists of 70 months regarding Counts 1, 3 and 5; 84 months consecutive regarding Count 2; 300 months consecutive regarding Count 4; and 300 months consecutive as to Count 6. Movant received credit for time served.

**July 1, 2005** -- Movant filed his Notice of Appeal.

**August 8, 2005** --The Court entered judgment.

**June 16, 2006** -- The Court of Appeals for the Fourth Circuit issued its opinion in which it affirmed the judgment of this Court.

**July 11, 2006 - -** The Court of Appeals for the Fourth Circuit issued its mandate and judgment this date.

**June 14, 2007** -- Movant apparently signed his § 2255 motion.

**June 21, 2007** -- The Clerk of Court entered Movant's motion to vacate pursuant to 28 U.S.C. § 2255.

**August 10, 2007** -- Respondent filed its response to Movant's motion, along with a motion for summary judgment.

**III.     CONTENTIONS OF THE PARTIES**

Movant asserts two grounds in support of his § 2255 motion: (1) denial of effective assistance of counsel and (2) denial of his counsel of choice. Respondent has moved for summary judgment on both of these grounds.

## IV.    DISCUSSION AND ANALYSIS

### A.    Ground One: Denial of Effective Assistance of Counsel

As to Movant's ineffective assistance of counsel claim, he argues that he

> chose to take his defense to trial and during the trial, counsel told him that if he would change his plea to guilty, the prosecution would recommend a sentence of ten years or less. The statement was false and after pleading guilty, [Movant] was given 56 years. He would not have plead guilty absent counsel's advi[c]e.

(Motion ¶ 12A.) In support of his claim, Movant refers to *Hill v. Lockhart*, 474 U.S. 52 (1985). The Court finds this claim to be without merit.

To prevail on a claim of ineffective assistance of counsel, Movant must establish: (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that his counsel's deficiencies prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ." *Id.* at 689. To satisfy the second prong of the *Strickland* test, Movant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. When Movant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. In an instance such as this, Movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)).

During the Movant's guilty plea, Movant's counsel stated to the Court, and in the presence of Movant,

> I talked briefly about the guidelines and how the guidelines may not apply. Even though they're advisory you may see to throw those things out and you could conceivably give him a life sentence if you saw fit.
>
> . . .
>
> For the record I've told him he's looking at a life sentence, so he can't do any worse than that, I would assume.

(Plea Tr. 20-22.) Movant also stated, under oath, that he was satisfied with his counsel, (Plea Tr. 4), and that no one had promised to him any particular sentence that he might receive, (Plea Tr. 26-27). Moreover, in regards to Movant's sentence, the following colloquy occurred between the Court and Movant:

> THE COURT:    I have no leeway on the guns.
> [MOVANT]:     On the guns?
> THE COURT:    Seven and twenty-five and twenty-five. The bank robbery I have some leeway, although I could give you twenty-five years on each count.
> [MOVANT]:     (Nods head affirmatively.)
> THE COURT:    Do you understand that?
> [MOVANT]:     Yes, sir.

(Plea Tr. 21.)

Thus, even assuming that Movant's counsel told him that he would be given a ten-year sentence, because "the information given by the [C]ourt at the Rule 11 hearing correcte[d] . . . the earlier erroneous information given by [Movant's] attorney and [Movant] admit[ed] to understanding the [C]ourt's advice, the criminal justice system must be able to rely on the

7

subsequent dialogue between the [C]ourt and [Movant]." *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992).

Further, "[s]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea." *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992) (citing *Blackledge v. Allison,* 431 U.S. 63 (1977). Hence, Movant's conclusory allegations now that his counsel was ineffective and that his counsel promised him a particular sentence are insufficient to establish this claim.[1] Accordingly, the Court will enter judgment for Respondent on this issue.

### B.  *Ground Two: Denial of Counsel of Choice*

In his second argument, Movant contends that "[d]uring a pretrial hearing[,] [Movant] requested the Court [a]llow him to fire appointed counsel and retain counsel of his choice and the trial Court denied his request." (Motion ¶ 12B.) He cites *United States v. Gonzales-Lopez*, 548 U.S. 140 (2006) in support of his position.

However, according to the record in this case, at the pretrial conference held on January 28, 2005, Movant made an oral pro se motion in open court for new counsel, which the Court in fact granted.

> THE COURT:   Mr. Miller, you are entitled to a lawyer and a free lawyer, but you're not entitled to your choice of free lawyers, so Mr. Brehm at the moment is your lawyer. Now, if your family wants to go out and hire somebody to be here on Tuesday and draw a jury for a trial later in -- whenever the trial date is, that's perfectly

---

[1] Movant's Mother also asserts that counsel stated that "he could get [Movant] ten (10) years imprisonment, as opposed to the substantial amount of time he faced if convicted." (Aff. of Margaret Miller ¶ 3.) The analysis that applies to Movant's statement in this regard applies equally to his Mother's assertion.

|  |  |
|---|---|
|  | all right, but we're not putting off your case. Now, let me tell you one other thing. Mr. Brehm has talked to the witnesses that you have asked him to talk to. |
|  | . . . |
| THE COURT: | You can hire anybody you want, but Tuesday we're going to draw a jury[.] |

(Pret. Tr. 3-4.) Thus, based on the record before it, the Court will enter judgment for Respondent on this issue, as well.[2]

## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and Movant's § 2255 is **DENIED**.

**IT IS SO ORDERED**.

Signed this 26th day of August, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

**\*\*\*\*\***
**NOTICE OF APPEAL**

Movant is hereby notified of the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2]Even if the Court had denied Movant's motion, however, such denial would have been appropriate pursuant to the relevant case law.