**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| The United States of America,  ) | |
| ) | Criminal Action No. 6:04-cr-00022-JMC-1 |
| ) | |
| v.  ) | |
| ) | **ORDER AND OPINION** |
| Derrick Earl Miller,  ) | |
| ) | |
| Petitioner.  ) | |
| ) | |

This matter is before the court upon Petitioner Derrick Earl Miller's ("Petitioner") *pro se* motion to appoint counsel and *in forma pauperis* affidavit. (ECF No. 762.) Petitioner is petitioning the court for a writ of error *coram nobis* to grant his motion to appoint counsel. For the reasons discussed below, the court **DENIES** Petitioner's motion to appoint counsel.

### I.     RELEVANT BACKGROUND TO THE PENDING MOTION

On March 21, 2005, Petitioner pled guilty to charges related to three bank robberies. (ECF No. 184.) On July 8, 2005, Petitioner was sentenced to a total term of 754 months. (ECF No. 226.) Petitioner appealed his sentence, but the Fourth Circuit affirmed the judgment of the district court. (ECF No. 239.) On June 21, 2007, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 257.) Petitioner's § 2255 motion was denied on August 26, 2008. (ECF No. 344.) Petitioner appealed the district court's order denying his § 2255 motion. (ECF No. 357.) The Fourth Circuit dismissed the appeal and denied the certificate of appealability. (ECF Nos. 401, 402, 408, 496.)

On September 22, 2008, Petitioner filed a motion in the district court for leave to file a successive § 2255 motion. (ECF No. 359.) On April 7, 2009, the district court dismissed without prejudice Petitioner's motion explaining that a successive § 2255 motion may not be filed in the

district court unless the movant received permission from the Fourth Circuit. (ECF No. 392.) On May 9, 2014, the Fourth Circuit denied Petitioner's successive application for relief under § 2255. (ECF No. 735.) On January 12, 2015, Petitioner filed a motion to relate back to his § 2255 motion. (ECF No. 741.) On May 14, 2015, Petitioner's motion to relate back to his § 2255 motion was denied. (ECF No. 751.) On May 27, 2016, Petitioner filed the instant motion to appoint counsel. (ECF No. 762.)

## II.     LEGAL STANDARD AND ANALYSIS

Petitioner argues that a writ of error *coram nobis* should proceed to allow his motion to appoint counsel to be granted. In further support of his *pros* se motion, Petitioner refers the court to *Bereano v. United States* where the Fourth Circuit applied a two prong test to determine if a writ of error *coram nobis* should be granted. 706 F3d 568 (4th Cir. 2012). The two-pronged test "includes (1) the unavailability of any other remedy and (2) that 'an error of the most fundamental character' has occurred." *Id.* at 2 (citing *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir.1988)).

In order for a writ of error *coram nobis* to proceed, Petitioner must show that he has exhausted all available remedies and that a judicial or constitutional error occurred. Petitioner satisfies the unavailability of any other remedy element because he no longer has the ability to directly appeal, nor does he have relief through any *habeus corpus* proceedings. Petitioner argues that jurisdictional and constitutional errors existed in the original proceedings that will render judgment invalid. However, Petitioner does not specifically reference what, if any, errors he believes to have occurred nor does he demonstrate how these errors may rise to the level of the most fundamental character such that a writ of error *coram nobis* would be granted. Petitioner fails to state or show any clear error of the most fundamental character and as such fails the

2

second element and a writ of error *coram nobis* will not proceed.

The more applicable standard in motions to appoint counsel is under 18 U.S.C. 3006(a)(2) which allows, when the court determines that the interest of justice so requires, representation to be provided for any financially eligible person who is seeking relief under section 2241, 2254, or 2255 of title 28. Pursuant to section 2241, a prisoner may seek relief under *habeus corpus.* Pursuant to section 2254, a district court can entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only if he is in custody in violation of the Constitution or laws or treaties of the United States. Under section 2255, a prisoner in custody claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence, unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. Petitioner himself argues in his petition that he no longer has available relief by and through *habeus corpus* proceedings (ECF No. 762) and thus Petitioner is not seeking relief under any of the aforementioned sections.

Petitioner argues that the appointment of counsel will help him overcome the two-pronged test as described in *Bereano*. However, Petitioner, in his filings to date, has demonstrated competency in the presentation of his case and arguments. Therefore, this court **DENIES** Petitioner's motion to appoint counsel.

### III.     CONCLUSION

Based on the aforementioned reasons, the court **DENIES** Petitioner's motion to appoint

3

counsel. (ECF No. 762.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 27, 2016
Columbia, South Carolina