## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| The United States of America, | ) | |
| | ) | Criminal Action No. 6:04-cr-00022-JMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Derrick Earl Miller, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |

This matter is before the court upon Petitioner Derrick Earl Miller's ("Petitioner") *pro se* Motion to Appoint Counsel (ECF Nos. 984, 985.)[1] For the reasons discussed below, the court **DENIES** Petitioner's Motions to Appoint Counsel (ECF Nos. 984, 985).

## I.    RELEVANT BACKGROUND TO THE PENDING MOTION

On March 21, 2005, Petitioner pled guilty to charges related to three bank robberies. (ECF No. 184.) On July 8, 2005, Petitioner was sentenced to a total term of 754 months. (ECF No. 226.) Petitioner appealed his sentence, but the Fourth Circuit affirmed the judgment of the district court. (ECF No. 239.) On June 21, 2007, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 257.) Petitioner's § 2255 motion was denied on August 26, 2008. (ECF No. 344.) Petitioner appealed the district court's order denying his § 2255 motion. (ECF No. 357.) The Fourth Circuit dismissed the appeal and denied the certificate of appealability. (ECF Nos. 401, 402, 408, 496.)

On September 22, 2008, Petitioner filed a motion in the district court for leave to file a successive § 2255 motion. (ECF No. 359.) On April 7, 2009, the district court dismissed without prejudice Petitioner's motion explaining that a successive § 2255 motion may not be filed in the

---

[1] The court observes that Petitioner's Motion was filed twice on the docket as ECF No. 984 and ECF No. 985. The court addresses both entries simultaneously, as they are the same document.

district court unless the movant received permission from the Fourth Circuit. (ECF No. 392.) On May 9, 2014, the Fourth Circuit denied Petitioner's successive application for relief under § 2255. (ECF No. 735.) On January 12, 2015, Petitioner filed a motion to relate back to his § 2255 motion. (ECF No. 741.) On May 14, 2015, Petitioner's motion to relate back to his § 2255 motion was denied. (ECF No. 751.) On May 27, 2016, Petitioner filed a Motion to Appoint Counsel (ECF No. 762.), and the court denied such request on December 27, 2016 (ECF No. 797). Petitioner filed a Motion for Reconsideration regarding the court's December 27, 2019 decision on January 23, 2017. The court denied Petitioner's request for counsel again on June 13, 2017 (ECF No. 848), noting that "[Petitioner] has knowingly, intelligently, and voluntarily waived his right to court-appointed counsel." (ECF No. 257 at 7.) ("At a pretrial hearing held on January 28, 2005, I [Derrick Miller] asked the court if I could be allowed to fire the Court appointed attorney and retain counsel of my choice."). The court now rules on Petitioner's third Motion to Appoint Counsel (ECF Nos. 984, 985.)

## II.    LEGAL STANDARD AND ANALYSIS

The applicable standard in motions to appoint counsel is under 18 U.S.C. 3006(a)(2) which allows, when the court determines that the interest of justice so requires, representation to be provided for any financially eligible person who is seeking relief under section 2241, 2254, or 2255 of Title 28. Pursuant to section 2241, a prisoner may seek relief under *habeus corpus.* Pursuant to section 2254, a district court can entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only if he is in custody in violation of the Constitution or laws or treaties of the United States. Under section 2255, a prisoner in custody claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized

by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence, unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. However, there is no constitutional or statutory right to appointed counsel in post-conviction proceedings pursuant to § 2255. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). Appointment of counsel may be authorized if the "court determines that the interests of justice so require ... for any financially eligible person who ... is seeking relief under [§ 2255]. 18 U.S.C. § 3006A(2).

### III. DISCUSSION

Petitioner already argued in a prior petition that he no longer has available relief by and through *habeus corpus* proceedings (ECF No. 762) and thus Petitioner is not seeking relief under any of the aforementioned sections. Petitioner, instead, argues that he seeks the appointment of counsel to help him "perfect an appeal" (ECF No. 987 at 3.) Further, based on the myriad of pleadings and motions that Petitioner has filed to date, he has demonstrated competency in the presentation of his case and arguments and is capable of addressing legal issues, and advocating effectively on his behalf. Therefore, this court **DENIES** Petitioner's Motions to Appoint Counsel (ECF Nos. 984, 985).

### IV. CONCLUSION

Based on the aforementioned reasons, the court **DENIES** Petitioner's Motions to Appoint Counsel. (ECF Nos. 984, 985.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 3, 2020
Columbia, South Carolina